IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONDALE ELLIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-1155-SMY-RJD ) |
| TYSON P. SHURTZ, et. al, | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Rondale Ellis, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). He asserts claims against Tyson Shurtz, Sergeant Pelker, Steven Richard, Lieutenant Cartwright, Major Zeigler, and Major Hasemeyer,[1] and alleges that he was physically assaulted in violation of the Eighth Amendment. Following threshold screening, Plaintiff proceeds on the following Counts:

**COUNT 1:** Defendants Shurtz and Pelker physically assaulted Plaintiff in violation of his Eighth Amendment rights.

**COUNT 3:** Defendants Zeigler, Hasemeyer, Cartwright, Pelker, and Richard failed to intervene while Unknown Party pepper sprayed and physically assaulted Plaintiff in violation of his Eighth Amendment rights.

This matter is currently before the Court on Defendants' the Motion for Summary Judgment (Doc. 36). Plaintiff filed a timely response (Doc. 43). For the following reasons, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Plaintiff's Counts 2 and 4 against Unknown Party were dismissed with prejudice because he failed to timely amend his complaint (Doc. 56).

## Factual Background

Plaintiff Rondale Ellis was an inmate at Menard at all times relevant to this dispute (Plaintiff's Complaint, Doc. 1). On October 29, 2013 at approximately 9:30 a.m., Ellis placed his arm in the chuckhole while Correctional Officer Tyson Shurtz was passing out lunch trays (*Id*. at 7). Officer Shurtz asked Ellis to take his arm out of the chuckhole, but he refused and stated that he wanted to see the warden (*Id.* at 8). Ellis explained to Shurtz that he had problems accessing the cable line for his television in his cell and had attempted, unsuccessfully, to resolve this issue during the past few weeks (*Id*.). After listening to Ellis, Shurtz told him that if he removed his arm from the chuckhole, he would try to get him moved to another cell with working cable (*Id*.). Ellis refused to remove his arm from the chuckhole, requesting again to speak to the warden (*Id*.). Shurtz attempted to close the chuckhole approximately ten times while Ellis's arm was in it (Plaintiff's Deposition, Doc. 37-1 at 16). After Shurtz was unsuccessful in closing the chuckhole, he requested assistance from Correctional Officer Roger Pelker (*Id.* at 17). Pelker gave Ellis multiple direct orders for him to remove his arm from the chuckhole but Ellis refused all such orders (*Id.* at 18-19). Pelker tried unsuccessfully to close the chuckhole approximately six times before Ellis removed his arm and the chuckhole was secured (*Id*. at 20).

After the chuckhole was secured, Ellis covered his cell window with a blanket and repeated his request to see the warden about his cable (*Id.* at 21-22). Multiple officers came by Ellis's cell and ordered him to remove the obstruction but he ignored their orders (*Id*. at 24-45). After several hours of Ellis refusing to remove the blanket, a correctional major reported to Ellis's cell and ordered him to remove the obstruction, but he ignored the major's order as well (*Id*. at 26-28). Approximately forty minutes later, the Menard Tactical Team arrived at Ellis's cell (*Id*. at 28).

The Tactical Team gave Ellis and his cellmate three direct orders to come to the door and cuff up (*Id*. at 29). Both inmates refused the orders and the Tactical Team deployed a burst of Mace through the chuckhole (*Id*.). Ellis claims that the Tactical Team members then entered his cell and assaulted him and his cellmate (*Id*. at 32). He alleges that he was punched, kicked, and choked by members of the Tactical Team (*Id*.). He further alleges that he had lumps, bruises and soreness as a result of being assaulted (*Id*. at 34). Ellis claims Hasemeyer, Ziegler, Cartwright, Richard and Pelker were standing outside of his cell during the Tactical Team extraction and/or saw the extraction video. (*Id.* at 46-47).

Ellis was taken by members of the Tactical Team to see a nurse (*Id*. at 35). He was ordered to wait for the nurse on the wall with his head down (*Id*. at 36). Ellis alleges that one of the Tactical Team members put his hand on the back of Ellis's head and rammed his knee into Ellis's face, breaking his nose (*Id*.). The Tactical Team video recorded Ellis' removal from his cell, his transfer to the medical unit, the treatment at the medical unit, the strip search, and the transfer back to his cell (Tactical Team video, Doc. 37-2). The video does not show a Tactical Team member kneeing Ellis in the face while awaiting medical treatment (*Id*.). Ellis was examined and treated by the nurse and scheduled for an x-ray the following day (Doc. 37-1 at 42-43). Ellis alleges that the nurse taking the x-ray the next day told him his nose was broken (*Id*. at 43).

## **Legal Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material

fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In deciding a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

The Eighth Amendment prohibits "cruel and unusual punishments" and has been interpreted by the United States Supreme Court to encompass the "unnecessary *and wanton* infliction of pain" upon prisoners in a correctional institution. *Wilson v. Seiter,* 501 U.S. 294, 296, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (emphasis added)). Even objectively serious injuries suffered by prisoners, without the requisite *mens rea* on the part of prison officials, do not constitute constitutional injuries. *See Wilson,* 501 U.S. at 301, 111 S.Ct. 2321.

Correctional officers, who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so, may also be held liable. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005), *Fillmore v. Page,* 358 F.3d 496, 505–06 (7th Cir. 2004). In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation. *Harper,* 400 F.3d at 1064; *Fillmore*, 358 F.3d at 506.

## Discussion

### Count One - Physical Assault by Defendants Shurtz and Pelker

Defendants Shurtz and Pelker argue they are entitled to summary judgment because Ellis failed to provide evidence that they used unconstitutional force when trying to close the chuckhole. Ellis concedes this argument and does not oppose Defendants' motion with respect to Count 1 (Doc. 43 at 6). Accordingly, Defendants' motion is **GRANTED** as to Count 1.

### Count 3 – Failure to Intervene

Ellis also concedes that he cannot prove Defendants Hasemeyer and Ziegler were present during the cell extraction and could have intervened on his behalf (Doc. 43 at 10). Therefore, Defendants' Motion is **GRANTED** as to the claims asserted against Hasemeyer and Ziegler in Count 3.

Defendants argue that Ellis also cannot prove a failure to intervene claim as to the remaining Defendants (Cartwright, Richard, and Pelker) because he cannot establish an underlying constitutional violation. Ellis's original Complaint alleged that an Unknown Party pepper sprayed and physically assaulted him in violation of his Eighth Amendment rights. This claim was dismissed because Ellis failed to timely identify the Unknown Party (Doc. 57). However, although Ellis' claims against the Unknown Party have been dismissed, it is plausible that he could still succeed on a failure to intervene claim.

Unlike in *Harper*, where the plaintiff could not identify a specific individual who violated his rights, here, Ellis can identify the individual officers that allegedly physically assaulted him in violation of his Eighth Amendment rights. Since it is at least plausible that Ellis could show an underlying constitutional violation, the question of whether the bystanders witnessed the excessive force and failed to intervene is one for the jury.

Defendants also assert that they are entitled to qualified immunity. At the time the underlying incidents occurred, it was clearly established law that correctional officers, who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so, may be held liable. *Harper* 400 F.3d at 1064. As such, Defendants are not entitled to qualified immunity.

Accordingly, summary judgment on Count 3 as to Defendants Hasemeyer and Ziegler is **GRANTED**, but **DENIED** as to Defendants Cartwright, Richard, and Pelker.

## Conclusion

Defendants' Motion for Summary Judgment (Doc. 37) is **GRANTED** as to **Count** 1; and **GRANTED IN PART and DENIED IN PART** as to **Count 3**. Plaintiff Rondale Ellis shall proceed on the claims asserted in Count 3 against Defendants Cartwright, Richard, and Pelker.

Plaintiff's claims against Defendants Tyson Shurtz, Major Hasemeyer, and Major Ziegler are **DISMISSED WITH PREJUDICE.** The Clerk of Court is **DIRECTED** to terminate these defendants as parties to this action.

**IT IS SO ORDERED.**

**DATED: February 7, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**